ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPCECIAL

| | | |
|---|---|---|
| **OFICINA DE PERMISOS URBANÍSTICOS MUNICIPIO DE GUAYNABO**<br><br>Recurrente<br><br>v.<br><br>**LOS HERMANOS, LLC**<br><br>Recurrido | KLRA202300559 | **REVISIÓN** procedente de la **Oficina de Permisos Urbanísticos del Municipio Autónomo de Guaynabo**<br><br>Caso Núm.:<br>**2003-513529-PCPC-039729**<br><br>Sobre:<br>Impugnación de Permiso otorgado por Profesional Autorizado |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Boria Vizcarrondo[1].

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2024.

Comparece ante nos la Oficina de Permisos Urbanísticos del Municipio Autónomo de Guaynabo (en adelante, Oficina de Permisos de Guaynabo o parte recurrente), a través de un *Recurso de Revisión Judicial,* y nos solicita que revoquemos la *Notificación de Requisitos para [la] Aprobación de Permiso de Construcción* (en adelante, Notificación de Requisitos)[2] emitida el 3 de octubre de 2023 por la Oficina de Gerencia de Permisos (en adelante, OGPe) en el caso número 2023-513529-PCOC-039729 para la remodelación de un terraza, un salón VIP y una ampliación de baños del restaurante La Loma del Vecino (en adelante, restaurante). Por medio de dicha notificación, la OGPe le informó al dueño del restaurante, Los

---

[1] Mediante la Orden Administrativa OATA-2023-212 de 6 de diciembre de 2023, se designó a la Hon. Lersy G. Boria Vizcarrondo como integrante de este Panel Especial en sustitución de la Hon. Karilyn M. Díaz Rivera.
[2] Apéndice del *Recurso de Revisión Judicial,* Anejo 1, págs. 1-3.

Hermanos, LLC (en adelante, la parte recurrida), que para que se le otorgara una aprobación final en cuanto a su solicitud de permiso de construcción tenía que cumplir con unas condiciones; a saber, someter (1) una *Certificación para el Trámite de Permiso de Construcción o Urbanización* (Póliza Eventual); (2) evidencia de que se satisficieron los arbitrios municipales correspondientes a la obra, copia del decreto de exención, o certificación al efecto de la Oficina de Exención Contributiva Industrial del Departamento de Estado; (3) una foto del rótulo debidamente instalado que identificará la construcción; y (4) una copia firmada de cierta información sobre la obra. Sin embargo, la OGPe advirtió que la Notificación de Requisitos no constituye una autorización ni un permiso para comenzar las obras de construcción.

Por los fundamentos que expondremos a continuación, resolvemos desestimar el *Recurso de Revisión Judicial.*

**I.**

La presente controversia tiene su génesis el 3 de octubre de 2023 cuando la OGPe emitió una Notificación de Requisitos para la aprobación de un permiso de construcción con relación al restaurante bajo el número de trámite 2023-513529-PCOC-039729. Específicamente, la OGPe le informó a la parte recurrida que para que se le otorgara una aprobación final con relación a su solicitud de permiso de construcción tenía que cumplir con unos requisitos haciendo hincapié de que dicha notificación no era una autorización ni un permiso para comenzar las obras de construcción.

Inconforme con dicha notificación, el 26 de octubre de 2023, la parte recurrente presentó un *Recurso de Revisión Judicial* en el caso de autos, y le imputó a la OGPe la comisión del siguiente error:

> **ERRÓ EL PROFESIONAL AUTORIZADO ING. JESÚS B. RODRÍGUEZ QUIÑONES AL EMITIR UNA DETERMINACIÓN FINAL TITULADA "NOTIFICACIÓN DE REQUISITOS PARA LA APROBACIÓN DE PERMISO DE CONSTRUCCIÓN" CON FECHA DE 3 DE**

**OCTUBRE DE 2023 EN EL CASO NÚMERO 2023-513529-PCOC-039729 A FAVOR DE LOS HERMANOS, L.C.C. P/C ING. DAMIEN CARTAGENA VIDRO SIN CUMPLIR CON LAS NORMAS PROCESALES Y SUSTANCIALES APLICABLES, TANTO DE LEY COMO ADMINISTRATIVAS.**

En síntesis, la parte recurrente planteó que debemos revocar la Notificación de Requisitos, pues arguyó que la OGPe realmente emitió una determinación por medio de dicha notificación a favor de la parte recurrida, a pesar de haber incumplido con las normas procesales y sustantivas, legales y administrativas pertinentes. Continuó alegando la parte recurrente que la OGPe no le notificó a esta sobre la radicación de la solicitud de permiso ni de la Notificación de Requisitos dentro del término de veinticuatro (24) horas, conforme al Artículo 7.3(c) de la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161 del 1 de diciembre de 2009 (en adelante, Ley Núm. 161-2009), según enmendada, 23 LPRA sec. 9017b, y la Sección 2.3.1.4(b) del Reglamento Conjunto, Reglamento Núm. 9473, Junta de Planificación, 16 de junio de 2023, pág. 62. También sostuvo la parte recurrente que la OGPe incumplió con la Sección 2.1.9.5, inciso b 7 del Reglamento Conjunto, *supra*, pág. 28, ya que, según arguyó, tenía que incluir en el expediente la autorización del restaurante para realizar negocios en Puerto Rico. Sostuvo que la Oficina de Permisos de Guaynabo tampoco incluyó una evaluación de los parámetros aplicables para emitir una determinación final, contrario al Artículo 7.3 de la Ley Núm. 161-2009, *supra*, y la Sección 2.3.1.5 del Reglamento Conjunto, *supra*, pág. 62. Arguyó además que el Profesional Autorizado no tenía la facultad de evaluar el proyecto en cuestión al no tratarse de uno ministerial, pero tenía un deber de requerirle al ingeniero y proyectista Damien Cartagena Vidro (en adelante, ingeniero Cartagena Vidro) un estimado de costos detallando las obras a realizarse y un permiso de inyección subterránea. Alegó por último

la parte recurrente que la OGPe tenía que incluir en el expediente documentación sobre la existencia del restaurante y su autorización para realizar negocios en Puerto Rico.

El mismo 26 de octubre de 2023, la parte recurrente presentó una *Moción en Solicitud de Autorización para Presentar el Apéndice del Recurso de Revisión Judicial en Formato Alterno* por la que solicitó de este Tribunal permiso para presentar los anejos del recurso de revisión de epígrafe en formato USB.

El 1 de noviembre de 2023, emitimos una *Resolución* por la que ordenamos a la parte recurrida a presentar su alegato dentro de un término de veinte (20) días, contados a partir de la notificación de dicha *Resolución*. Le advertimos, además que, transcurrido dicho término, el recurso se iba a entender perfeccionado. También denegamos la solicitud de la Oficina de Permisos de Guaynabo de presentar los anejos en formato USB, y, en cambio, la ordenamos a presentar el apéndice en formato impreso.

Posteriormente, el 16 de noviembre de 2023, la parte recurrente presentó una *Moción en Cumplimiento de Orden* por la cual la Oficina de Permisos de Guaynabo presentó el apéndice impreso del recurso en revisión.

Por su parte, el 21 de marzo de 2024, la parte recurrida presentó una *Moción de Desestimación* por la que arguyó, en lo pertinente que, como la Notificación de Requisitos no era una determinación final, según definida por la Ley Núm. 161-209, *supra*, sec. 9011, el recurso de revisión presentado por la Oficina de Permisos de Guaynabo era prematuro. Sostuvo que, por ello, este Tribunal carecía de jurisdicción para atenderlo y, consecuentemente, procedía su desestimación. Específicamente, sostuvo la parte recurrida que la Notificación de Requisitos era un documento por el que se le advirtió a ella misma como parte solicitante sobre los requisitos restantes que tenía que cumplir para

la aprobación del permiso de construcción solicitado. Arguyó la parte recurrida que la OGPe no había emitido el aludido permiso de construcción, ni autorizado el comienzo de una acción, actividad o proyecto, y tampoco había adjudicado el asunto en vista de que no se había emitido el referido permiso. La parte recurrida sostuvo que como la Notificación de Requisitos constituyó un escrito interlocutorio y no final, cuando emita dictamen relacionado con el permiso de construcción, comenzará el término de treinta (30) días para acudir en revisión de la determinación final. Sostuvo además que la Oficina de Permisos de Guaynabo solo pretendía atacar el permiso único emitido por el ingeniero Rodríguez Quiñones bajo el número de trámite 2023-513529-PU-311770, y que estaba actuando de mala fe al presentar el escrito de revisión a sabiendas de que no existe una determinación final de la cual recurrir y que las propias acciones de la Oficina de Permisos de Guaynabo al impugnar el pago de arbitrios municipales realizado por la parte recurrida, impide que se emita el permiso de construcción. Por último, la parte recurrida acompañó de su *Moción de Desestimación* una *Certificación* emitida el 21 de marzo de 2024 por la OGPe. La parte recurrida arguyó que de la misma se desprende que no existe una determinación final que se pueda revisar y que el recurso de revisión presentado por la parte recurrente era prematuro:

### CERTIFICACI[Ó]N

El Lcdo. Miguel Torres, mediante la solicitud 2024-SCE-301171, nos solicita [que] se emita una certificación de vigencia y autenticidad del Permiso de Construcción 2023-513529-PCOC-039729.

Yo, Idta Ríos Rodríguez, en mi carácter de Directora de Secretaría y Servicio al Cliente, procedo a emitir la siguiente certificación:

**Certifico que a la fecha de expedición de esta certificación no surge que se haya expedido el permiso de Construcción 2023-513529-PCOC-039729, para la propiedad bajo el número de catastro 143-014-320-19 que ubica en la Carretera 169, KM 1.1 Int., Sector Toño Flores del Barrio**

**Camarones en Guaynabo.** En este caso solo se ha emitido una Notificación de Requisitos para [la] Aprobación de Permiso de Construcción expedida el 3 de octubre de 2023 según surge de la plataforma de permisos "Single Business Portal".

Para que así conste, se expide la presente certificación bajo mi firma y sello oficial de la Oficina de Gerencia de Permisos, en San Juan de Puerto Rico, hoy 21 de marzo de 2024. (Énfasis suplido).

El 8 de abril de 2024, la Oficina de Permisos de Guaynabo presentó una *Moción en Respuesta a Moción de Desestimación y Aclarando Expediente* por la que sostuvo que todas las normas pertinentes hacen referencia a que las actuaciones de un Profesional Autorizado son determinaciones finales para procesos de revisión, auditoría y demás. Sostuvo que la OGPe, por medio de un Profesional Autorizado, y el ingeniero Cartagena Vidro incumplieron con aspectos procesales y sustantivos del procedimiento administrativo; a saber, realizaron varias obras de construcción sin contar con los permisos pertinentes; realizaron obras y actividades que no cumplieron con las condiciones incluidas en el permiso original emitido; no realizaron trámites legales, administrativos y ambientales; añadieron relleno a un terreno sin permisos correspondientes; y realizaron actividades de música en vivo sin permisos. Por último, la parte recurrente solicitó de este Tribunal que se declarase nula la determinación final de la OGPe.

Luego de revisar los documentos que obran en autos, estamos en posición de resolver, primero delimitando el trasfondo normativo aplicable.

## II.

## A.

Es norma conocida que la jurisdicción es el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland*

*Enterprises, Inc.*, 207 DPR 586, 600 (2021); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Es por ello que los tribunales deben ser celosos guardianes de su jurisdicción y los asuntos sobre esta deben atenderse con primacía. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018); *Cordero v. ARPe*, 187 DPR 445, 457 (2012). *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 387; *S.L.G. Szendry Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Específicamente, para adjudicar un caso ante sí, los tribunales deben ostentar jurisdicción sobre la materia y sobre la persona. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 559 (2023); *MCS Advantage, Inc. v. Fossas Blanco, supra*, pág. 600; *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico, supra*, pág. 101; *Shell v. Srio. De Hacienda*, 187 DPR 109, 122 (2012). Lo anterior ya que una sentencia dictada sin jurisdicción es nula en derecho, y, por ello, inexistente. *Pérez Rodríguez v. López Rodríguez*, 210 DPR 163, 178 (2022); *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 386; *Montañez v. Policía*, 50 DPR 917, 921 (2000). **Asimismo, la falta de jurisdicción conlleva serias consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.** *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 386; *Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018) (*citando a Lozada Sánchez v. JCA*, 184 DPR 898, 909 (2012)). A causa de ello, los foros adjudicativos deben examinar no solo su propia

jurisdicción sino también la del foro inferior. *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 387; *Pearless Oil v. Hermanos Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendry Ramos v. F. Castillo, supra*, pág. 883. Igualmente, cuando un tribunal determina que no ostenta jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo. *Allied Management Group, Inc. v. Oriental Bank, supra*, págs. 386-387; *Pearless Oil v. Hermanos Pérez, supra*, pág. 250; *S.L.G. Szendry Ramos v. F. Castillo, supra*, pág. 883. Lo anterior pues, los tribunales carecen de discreción para asumir jurisdicción donde lo la hay. *S.L.G. Szendry Ramos v. F. Castillo, supra*, pág. 882; *Morán v. Martí*, 165 DPR 356, 364 (2005); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

Asimismo, nuestro máximo foro ha reiterado que una apelación o un recurso prematuro, tal como uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *S.L.G. Szendry Ramos v. F. Castillo, supra*, pág. 883 (*citando a Juliá v. Epifanio Vidal, S.E.*, 153 DPR 357, 366-367 (2001)). Por lo tanto, todo recurso prematuro carece de eficacia y, por ello, "no produce efecto jurídico alguno, ya que al momento de ser presentado el tribunal no tiene autoridad para acogerlo y, mucho menos, para conservarlo con la intención de reactivarlo posteriormente en virtud de una moción informativa". *S.L.G. Szendry Ramos v. F. Castillo, supra*, págs. 883-884.

**B.**

Según la doctrina de revisión judicial, los tribunales tienen el deber de auscultar si las determinaciones administrativas fueron emitidas en virtud de los poderes delegados a la agencia y de su política pública. *Capó Cruz v. Junta de Planificación,* 204 DPR 581, 590 (2020); *Torres Rivera v. Pol. de PR*, 196 DPR 606, 625-626 (2016). En esa misma línea, el alcance de las revisiones judiciales comprende tres (3) aspectos: (1) si el remedio concedido por la

agencia administrativa fue el apropiado; (2) si las determinaciones de hechos que realizó la agencia están sostenidas por evidencia sustancial; y (3) si las conclusiones de derecho fueron correctas. A *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9675; véase, además, *Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Torres Rivera v. Pol. de PR, supra,* págs. 626-627; *Asoc. FCIAS v. Caribe Specialty II,* 179 DPR 923, 940 (2010).

En lo concerniente a las *determinaciones de hechos,* estas deben sostenerse si se fundamentan en evidencia sustancial que surja de la totalidad del expediente administrativo. *Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Rolón Martínez v. Caldero López,* 201 DPR 26, 35-36 (2018). El Tribunal Supremo de Puerto Rico ha reiterado la definición de prueba sustancial como "aquella prueba relevante que 'una mente razonable podría aceptar como adecuada para sostener una conclusión'". *Capó Cruz v. Junta de Planificación, supra,* pág. 591 (*citando a Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004)). Por lo tanto, los tribunales deben "respetar las resoluciones administrativas hasta tanto no se demuestre mediante evidencia suficiente que la presunción de legalidad ha sido superada o invalidada". *Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Torres Rivera v. Pol. de PR, supra,* págs. 626.

Por otro lado, las *determinaciones de derecho* podrán ser revisables en todos sus aspectos por los tribunales. LPAU, 3 LPRA sec. 9675; *Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Torres Rivera v. Pol. de PR, supra,* págs. 626. Si bien la revisión judicial no debe servir para sustituir el criterio o la interpretación de la agencia administrativa de forma automática, los tribunales podrán descartar ese criterio, cuando "no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo". *Rolón Martínez v. Caldero López, supra,* pág. 36;

*Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Rebollo v. Yiyi Motors, supra*, pág. 77.

En ese extremo, aun cuando se permiten las revisiones judiciales sobre determinaciones administrativas, "los tribunales revisores debemos conceder[les] deferencia a las decisiones de las agencias administrativas, pues estas gozan de experiencia y conocimiento especializado sobre los asuntos ante su consideración, lo cual ampara sus dictámenes con una presunción de legalidad y corrección". *Capó Cruz v. Junta de Planificación, supra*, pág. 591; *Torres Rivera v. Policía de PR, supra*, pág. 627. Por ende, los tribunales solo deben intervenir con las decisiones administrativas cuando estas han actuado de forma arbitraria, ilegal, irrazonablemente o cuando se lesionan derechos constitucionales fundamentales. *Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Torres Rivera v. Pol. de PR,* supra, págs. 627-628; *Asoc. FCIAS v. Caribe Specialty II, supra*, pág. 941; *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009). En esos casos, cederá la deferencia que merecen las agencias administrativas en la aplicación e interpretación de las leyes y los reglamentos que administra. *Rolón Martínez v. Caldero López, supra,* 36; *Torres Rivera v. Pol. de PR, supra*, págs. 627-628.

## C.

La Ley Núm. 161-2009, *supra*, establece el marco jurídico y administrativo que rige los procesos de solicitud, evaluación, concesión y denegación de permisos necesarios para el desarrollo y uso de terrenos. *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio*, 211 DPR 738, 746 (2023); *Román Ortiz v. Oficina de Gerencia de Permisos*, 203 DPR 947, 957 (2020); *Laureano v. Mun. de Bayamón*, 197 DPR 420, 433 (2017). Además, dicho estatuto encargó a la OGPe la facultad de emitir determinaciones finales, permisos y certificaciones relacionados al desarrollo y uso

de terrenos. *Román Ortiz v. Oficina de Gerencia de Permisos, supra,* pág. 957; *Laureano v. Mun. de Bayamón, supra,* págs. 433-434.

Según se desprende del Artículo 1.5 (57) de la Ley Núm. 161-2009, *supra,* sec. 9011, un permiso es definido como una:

> **Aprobación escrita autorizando el comienzo de una acción, actividad o proyecto, expedida por la Oficina de Gerencia de Permisos, por un Municipio Autónomo con Jerarquía de la I a la V, o por un Profesional Autorizado**, conforme a las disposiciones de esta Ley y para la cual no se incluyen licencias, certificados de inspección, ni certificaciones. (Énfasis suplido).

Asimismo, una determinación final es aquella:

> **Actuación, resolución, informe o documento que contiene un acuerdo o decisión** emitida por la Junta de Planificación, el Director Ejecutivo, el Juez Administrativo, los Municipios Autónomos con Jerarquía de la I a la V o un Profesional Autorizado, o una Entidad Gubernamental Concernida, **adjudicando de manera definitiva algún asunto ante su consideración o cualquier otra determinación similar o análoga que se establezca en el Reglamento Conjunto. La determinación se convertirá en final y firme una vez hayan transcurrido los términos correspondientes para revisión.** En el caso de las consultas de ubicación, una determinación final no constituye la otorgación de un permiso. Artículo 1.5 (21) de la Ley Núm. 161-2009, *supra,* sec. 9011. (Énfasis suplido).

**En *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio, supra,* págs. 746-747, el Tribunal Supremo de Puerto Rico expresó que "al examinar estos conceptos, es plausible deducir que la concesión o denegatoria de un permiso constituye, para todos los efectos, una determinación final que el Tribunal de Apelaciones tendría jurisdicción para revisar de cumplirse con los requisitos procesales correspondientes"**. (Énfasis suplido). Estas determinaciones finales y permisos, a su vez, están sujetos a las disposiciones de la LPAU, *supra,* de forma supletoria y salvo se disponga lo contrario. Artículo 18.6 de la Ley Núm. 161-2009, *supra,* sec. 9028e; *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio, supra,* pág. 747; *Spyder Media, Inc. v.*

*Municipio Autónomo de San Juan,* 194 DPR 547, 555 (2016). Asimismo, la parte perjudicada puede impugnar las determinaciones finales por medio de (1) una solicitud de revisión ante la División de Revisiones Administrativas; (2) una querella frente la Junta de Planificación; o (3) una revisión judicial ante el Tribunal de Apelaciones. *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio, supra,* págs. 747-748; *Capó Cruz v. Junta de Planificación, supra,* pág. 594. Cabe destacar, no obstante que, no es requisito jurisdiccional presentar una solicitud de revisión administrativa previo a la presentación de una revisión judicial ante el Tribunal de Apelaciones, a tenor con el Artículo 11.6 de la Ley Núm. 161-2009, *supra,* sec. 9021r; *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio, supra,* pág. 749. Sin embargo, su presentación oportuna paralizará los términos para recurrir ante el Tribunal de Apelaciones. Artículo 11.6 de la Ley Núm. 161-2009, *supra*; *Miranda Corrada v. Departamento de Desarrollo Económico y Comercio, supra,* pág. 749. Asimismo, cualquier parte adversamente afectada por una determinación final, un permiso o una resolución de la OGPe, un Profesional Autorizado o un Municipio tendrá un término jurisdiccional de treinta (30) días naturales para presentar una revisión administrativa ante el Tribunal de Apelaciones. Artículo 13.1 de la Ley Núm. 161-2009, *supra,* sec. 9023.

**III.**

Según se relató, la parte recurrente presentó el *Recurso en Revisión Judicial* ante nos el 26 de octubre de 2023. Arguyó que la OGPe erró al emitir la Notificación de Requisitos como determinación final en cuanto a la solicitud del permiso en cuestión por incumplir con unas normas procesales y sustantivas requeridas para la emisión de una determinación final.

En primer lugar, y como se expuso en la sección anterior, la OGPe tiene la facultad para evaluar solicitudes de permisos y emitir determinaciones finales relacionados al desarrollo y uso de terrenos. Los permisos son aquellas aprobaciones escritas por la cuales se autoriza el comienzo de acciones, actividades y proyectos. Del mismo modo, las determinaciones finales son actuaciones, resoluciones, informes o documentos que contienen un acuerdo o decisión adjudicando de forma definitiva algún asunto ante su consideración o de los contemplados en el Reglamento Conjunto, *supra.* Al examinar estos conceptos, nuestro máximo foro expresó que era plausible deducir que la aprobación o denegatoria de permisos y las determinaciones finales constituyen lo mismo. En el presente caso, se desprende expresamente de la Notificación de Requisitos que "[e]s de entenderse que **esta notificación no es autorización ni permiso para iniciar las obras de construcción**".[3] (Énfasis suplido). Ello es cónsono con la certificación emitida por la propia OGPe por la cual expresó que "a la fecha de expedición de esta certificación **no surge que se haya expedido el permiso de Construcción 2023-513529-PCOC-039729**, para la propiedad bajo el número de catastro 143-014-320-19 que ubica en la Carretera 169, KM 1.1 lnt., Sector Toño Flores del Barrio Camarones en Guaynabo".[4] (Énfasis suplido). Por lo tanto, es evidente que la Notificación de Requisitos no constituye una aprobación de un permiso y, por ende, tampoco es una determinación final que puede ser revisable ante este Tribunal.

**Un recurso prematuro adolece del insubsanable y grave defecto de privar al tribunal apelativo de jurisdicción.** Cuando un tribunal determina que no ostenta jurisdicción para intervenir en

---

[3] *Íd.*, pág. 2.
[4] Véase, Anejo 4 de la *Moción de Desestimación* presentada ante este Tribunal el 21 de marzo de 2024.

un asunto, **procede la inmediata desestimación del recurso apelativo**. En el caso de marras, no cabe duda de que la Notificación de Requisitos no constituye un permiso o una determinación final. Por lo tanto, el recurso de revisión presentado por la parte recurrente es prematuro, y, por ello, nos priva de jurisdicción para atenderlo en los méritos.

**IV.**

Por los fundamentos antes expuestos, desestimamos el *Recurso de Revisión Judicial* recurrido, y devolvemos el caso a la OGPe para la continuación de los procedimientos relacionados a la aprobación o denegatoria del permiso de construcción solicitado por la parte recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones